# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| MILJANIC MATUTE VALLECILLO,<br><br>    Petitioner,<br><br>v.<br><br>MICHAEL BRECKON, et al.,<br><br>    Respondents. | 5:24-cv-78 |

### ORDER

The Magistrate Judge issued a Report and Recommendation for the Court to deny Respondents' Motion to Dismiss, grant Petitioner Miljani Vallecillo's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, and direct Respondents or other officials with Immigration and Customs Enforcement ("ICE") to conduct an individual bond determination hearing as soon as practicable. Dkt. No. 15. Vallecillo, through counsel, has filed Objections to a discrete portion of the Report and Recommendation but agrees with the Magistrate Judge's recommendation that Vallecillo should have an individualized bond hearing. Dkt. No. 16. Respondents filed no response.

In his Objections, Vallecillo states the Magistrate Judge should have determined that the government should bear the burden of proof at the individualized bond hearing to safeguard Vallecillo's due process rights. Id. at 5. However, in support

of his Objection, Vallecillo cites non-binding case law.[1] Id. at 4-5. However, even considering these cases, Vallecillo has not shown that the Magistrate Judge's recommendation is erroneous or warrants rejection. Vallecillo fails to show the Magistrate Judge errs by declining to make a recommendation for which party should bear the burden of proof at Vallecillo's individualized bond hearing. Rather, the Court concurs with and adopts the Magistrate Judge's conclusion that the immigration judge or other ICE official conducting the individualized bond hearing should make any burden determination.

Thus, after an independent and de novo review of the entire record, the Court **OVERRULES** Vallecillo's Objections and **CONCURS WITH** and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. I **DENY** Respondents' Motion to Dismiss, **GRANT** Vallecillo's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, and **DIRECT** Respondents or another ICE official to

---

[1] The Court acknowledges the decision in J.G. v. Warden, Irwin County Detention Center, which was issued by a district court within the Eleventh Circuit. In J.G., the court concluded that the government "must bear the burden of proof to justify a noncitizen's detention pending removal proceedings." 501 F. Supp. 3d 1331, 1335 (M.D. Ga. 2020). However, in that case, the court was addressing the petitioner's due process challenge *within the bond determination hearing context itself*, not whether a district court should make a burden determination within the context of a due process challenge to unreasonably prolonged detention, which is the issue before this Court.

conduct an individualized bond determination hearing as soon as practicable.[2]

**SO ORDERED**, this 27 day of May, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court also notes Vallecillo was transferred to another facility outside of this District prior to the Magistrate Judge's Report and Recommendation. Dkt. No. 14.

3