IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| MILJANIC MATUTE VALLECILLO, | |
| Petitioner, | CIVIL ACTION NO.: 5:24-cv-78 |
| v. | |
| MICHAEL BRECKON, et al., | |
| Respondents. | |

**O R D E R**

Petitioner Miljanic Vallecillo ("Vallecillo"), through counsel, filed a Motion for Bond Release, Respondents filed a Response, and Vallecillo filed a Reply. Docs. 18, 21, 24. Vallecillo also filed a Motion for Leave to File Supplemental Evidence. Doc. 20. I **GRANT** Vallecillo's Motion for Leave to File Supplemental Evidence but **DENY** his Motion for Bond Release. I have considered all argument and evidence the parties have submitted.

**DISCUSSION**

I previously issued a Report and Recommendation that the Court grant Vallecillo's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus and to direct Immigration and Customs Enforcement ("ICE") officials to conduct an individualized bond hearing for Vallecillo. Doc. 15. The Honorable Lisa Godbey Wood adopted this recommendation as the opinion of the Court, over Vallecillo's objection regarding the portion of the recommendation that declined to decide which party should bear the burden of proof at the bond hearing. Docs. 16, 17.

Following entry of Judge Wood's Order, Vallecillo notified the Court that an immigration judge stated at a scheduled bond hearing on June 6, 2025, that Vallecillo is statutorily ineligible for bond and refused to conduct a hearing that this Court directed. Doc. 18

at 1. The same immigration judge scheduled another hearing for June 12, 2025. Vallecillo maintains that this immigration judge was predisposed to rule against him and due process requires the Court to either order Vallecillo's release or conduct the hearing. Id.

Respondents notified the Court that a new bond determination hearing was set for June 17, 2025, before a different immigration judge. Doc. 21. Respondents notified the Court that the new immigration judge denied Vallecillo bond. Doc. 23-1. However, Vallecillo counters he remains in ICE's custody "without having received any meaningful individualized custody determination . . . ." Doc. 24 at 1.

Vallecillo submitted affidavits from Nikola Marcich, who was Vallecillo's attorney during the June hearings before the immigration court. Docs. 18-1, 20-1, 24-1. Regarding the first hearing, Mr. Marcich states that he presented a memorandum and evidence to the immigration judge in favor of Vallecillo's release, but this evidence was only marked for identification purposes. Mr. Marcich states Vallecillo was not able to address any flight risk or danger to the community factors. And the immigration judge "explicitly did not consider or make any findings of fact" about Vallecillo's flight risk or danger to the community. Doc. 18-1 at 3.

The record shows that Immigration Judge Stuart Alcorn conducted the first bond hearing on June 6, 2025, as the Court directed, and determined that Vallecillo bore the burden at this hearing. Doc. 18-5 at 2. Judge Alcorn noted that Vallecillo conceded he is statutorily ineligible for bond and, thus, the court could not grant bond. Even if Vallecillo could have shown he was eligible for bond, Judge Alcorn stated he would still deny bond based on the seriousness of Vallecillo's criminal convictions and the fact that Vallecillo entered the United States illegally and remained here in violation of the law for several years until his arrest, making him too great

of a flight risk.  Id.  In addition, Judge Alcorn stated he "carefully read" Vallecillo's brief, but the arguments contained therein did not overcome Vallecillo's flight risk.  Id.

Mr. Marcich also represented Vallecillo during the second bond determination Judge Alcorn held on June 12, 2025.  Doc. 20-1.  Mr. Marcich was able to clarify Vallecillo was actually trafficked into the United States and did not remain in the United States unlawfully and was able to present arguments as to why Vallecillo is not a flight risk.  Nonetheless, Judge Alcorn still concluded he had no authority to consider Vallecillo's release on bond because he was being mandatorily detained based on 8 U.S.C. § 1226(c), despite Vallecillo having presented "strong argument" as to why he is not a flight risk.  Id. at 3.

Judge Alcorn noted Vallecillo had the burden at this hearing.  Judge Alcorn also noted Vallecillo is not statutorily eligible for release on bond but, even if he were, Judge Alcorn noted he would still deny bond based on Vallecillo's alien smuggling conviction, which shows Vallecillo is "too great of a flight risk" for release on bond.  Doc. 20-5 at 2–3.

Mr. Marcich represented Vallecillo during the third bond determination hearing on June 17, 2025.  Mr. Marcich states Immigration Judge Emmanuel Garcia directed the Government and Vallecillo to present argument on whether Vallecillo is a danger to the community or flight risk; the parties did so.  Doc. 24-1 at 3–4.  Judge Garcia determined that Vallecillo is ineligible for bond because he: is subject to mandatory detention based on his convictions for aggravated felonies under immigration law; is an applicant for admissions who was arrested and detained without a warrant; and did not meet his burden to show he would not be a danger to the community or a flight risk if released.  Doc. 23-1 at 1.

The record before this Court shows that two immigration judges conduct three separate individualized bond hearings for Vallecillo.  These judges assigned the burden of proof to

Vallecillo during these hearings regarding whether he would be a flight risk or a danger to the community. Both immigration judges concluded that Vallecillo is statutorily ineligible for release on bond. However, both judges also concluded that, if Vallecillo were eligible for bond release, they would not release Vallecillo on bond because he presented too much of a flight risk based on the nature of Vallecillo's convictions. There is no evidence before this Court that the immigration judges did not consider evidence and argument regarding Vallecillo's flight risk; instead, the immigration judges simply rejected Vallecillo's argument and evidence. Vallecillo has reserved his appeal rights regarding the June 17, 2025 denial, doc. 23-1 at 2, which appears to be the proper course to take at this time. This Court merely ordered ICE officials to conduct an individualized bond hearing, which has now occurred. Just because the immigration judges denied Vallecillo's requests for release on bond does not mean these judges did not conduct individualized bond determination hearings or that the judges otherwise failed to comply with this Court's directives. Vallecillo has not demonstrated any basis for this Court to grant him bond or to conduct a bond hearing in this case.

## CONCLUSION

Based on the reasons set forth above, the Court **DENIES** Vallecillo's Motion for Bond Release. Doc. 18. However, the Court **GRANTS** Vallecillo's Motion for Leave to File Supplemental Evidence and has considered that evidence. Doc. 20.

**SO ORDERED**, this 22nd day of July, 2025.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA